UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Kevin Ashby,

            Plaintiff,

vs.                                          REPORT AND RECOMMENDATION

Autumn Park Apartments, and
United Towing, Inc.,

            Defendants.              Civ. No. 07-4766 (PJS/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

I.  Introduction

This matter came before the undersigned United States Magistrate Judge

pursuant to a general assignment, made in accordance with the provisions of Title 28

U.S.C. § 636(b)(1)(B), upon the Application of the Plaintiff Kevin Ashby for leave to

proceed in forma pauperis, ("IFP").  See, Docket No. 2.

The Plaintiff appears pro se and, in view of the fact that his Complaint has yet

to be served, no appearance has been made by, or on behalf of, the Defendants.

For reasons which follow, we recommend that the Plaintiff's IFP application be

denied, and that the action be summarily dismissed.

II.  <u>Factual and Procedural Background</u>

The Plaintiff is attempting to sue two Defendants -- Autumn Park Apartments ("Autumn Park"), and United Towing, Inc. ("United Towing").  He alleges that both of the Defendants are corporations which are "located in and doing business in the State of Minnesota."  <u>Complaint, Docket No. 1</u>, p. 1, ¶¶ 2, 3.  Defendant Autumn Park allegedly owns and operates an apartment building located in Brooklyn Park, Minnesota.  The Plaintiff was a tenant in that building at all times relevant to this action and, at the time of the filing of the Complaint, he continued to reside there.

The Plaintiff alleges that he was "out of town on business" from February 19, 2007, through February 28, 2007, and when he returned, he discovered that, on February 27, 2007, his car had been towed from a parking lot near his apartment building by United Towing.  <u>Id</u>. at p. 3, ¶¶17-18.  Although the Plaintiff discovered the whereabouts of his car soon after he returned home from his business trip, he did not retrieve it until March 8, 2007, and allegedly had to pay United Towing, Inc., $437.27 to secure the release of his car.  <u>Id</u>. at p. 4, ¶26.  When the Plaintiff retrieved his car, he discovered that the driver's side door would not open.  <u>Id</u>. at ¶ 27.

The Plaintiff alleges that, because his car had been towed, he was stranded at his home between February 28, 2007, and March 8, 2007, and that, during that time,

- 2 -

he was unable to obtain the groceries or medications he needed.  Id. at ¶23.  On March 4, 2007, the Plaintiff allegedly "suffered from an anxiety attack and with lack of medication had to be transported by ambulance to [a] hospital emergency room for treatment."  Id. at ¶24.

The Plaintiff is now attempting to sue Autumn Park, and United Towing, for violating his Federal constitutional rights under the Fourth and Fourteenth Amendments.  Id. at p. 2, ¶6.  Specifically, he claims that the Defendants subjected him to "an illegal seizure of his property, causing medical illness without any basis and in contravention of his rights, as provided by the Fourth and Fourteenth Amendments to be free of unreasonable seizure and to due process of law before having his liberty and mobility curtailed."  Id. at p. 5, ¶36.  The Plaintiff is seeking a Judgment against Defendants for compensatory damages.

III. Discussion

An IFP application will be denied, and the action dismissed, when a plaintiff has filed a pleading that fails to state a cause of action on which relief can be granted.  See, Title 28 U.S.C. §1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8ᵗʰ Cir. 1996).  Here, we find that the Plaintiff's Complaint must be dismissed pursuant to

Section 1915(e)(2)(B)(ii), because it fails to state any actionable Federal claim for relief.

Giving the Complaint the benefit of an indulgent construction, it appears that the Plaintiff is attempting to sue the Defendants under Title 42 U.S.C. §1983, which is the Federal law that empowers private citizens to seek relief for alleged violations of their Federal constitutional rights.   In order to state a civil rights cause of action under Section 1983, as the Plaintiff is apparently attempting to do here, the Complaint must allege facts which are sufficient to show that the named defendants violated the complainant's constitutional rights while acting under color of State law.  See, Hart v. City of Little Rock, 432 F.3d 801, 804 (8th Cir. 2006), cert. denied, --- U.S. ---, 126 S.Ct. 2902 (2006)(to state an actionable Section 1983 civil rights claim, a plaintiff must show "'(1) [a] violation of a constitutional right, (2) committed by a state actor, (3) who acted with the requisite culpability and causation to violate the constitutional right'"), quoting Kuha v. City of Minnetonka, 365 F.3d 590, 606 (8th Cir. 2003), quoting, in turn, Shrum v. Kluck, 249 F.3d 773, 777 (8th Cir. 2001); see also, West v. Atkins, 487 U.S. 42, 48 (1988)(to state a cause of action under Title 42 U.S.C. §1983, the plaintiff must allege facts showing that the named defendants violated his constitutional rights while acting under color of State law).

Here, the Plaintiff has failed to allege an actionable Section 1983 claim, or any other Federal cause of action upon which relief can be granted, because there are no factual allegations suggesting that either of the named Defendants was acting under color of State law during the course of any of the events described in the Complaint.[1] To the contrary, it clearly appears from the allegations in the Complaint that the Defendants are purely private parties, who were acting in that capacity in all of the matters described in the Complaint.

In sum, since the Plaintiff has not alleged any facts which show that either of the two named Defendants was acting under color of State law, in connection with the events alleged in his Complaint, we find that the Plaintiff's Complaint fails to state a cause of action against the named Defendants that can be addressed in Federal Court.

---

[1]We note that the Plaintiff **might** be able to bring some type of common-law tort claim against Defendants for wrongly towing his car, but he has not actually pled any such claim here.  Furthermore, if the Plaintiff had pled a tort claim, this action would have to be summarily dismissed, due to lack of Federal subject matter jurisdiction.  See, <u>Turner v. Armontrout</u>, 922 F.2d 492, 293 (8th Cir. 1991)("Subject matter jurisdiction * * * is a threshold requirement which must be assured in every federal case.").  Based upon the allegations contained in the Plaintiff's Complaint, it appears that all of the parties in this case -- the Plaintiff and both of the Defendants -- are Minnesota residents.  This means that the Plaintiff cannot bring a common-law tort claim in Federal Court under the "Diversity of Citizenship" Statute, Title 28 U.S.C. §1332.  Thus, if the Plaintiff wishes to pursue a tort claim against the Defendants, he would have to do so in State Court.

Therefore, we recommend that the Plaintiff's IFP application be denied, as moot, and that this action be summarily dismissed, pursuant to Section 1915(e)(2) (B)(ii), but without prejudice.

NOW, THEREFORE, It is –

RECOMMENDED:

1.     That the Plaintiffs' Application to Proceed In Forma Pauperis [Docket No. 2] be denied, as moot.

2.     That this action be summarily dismissed, but without prejudice, pursuant to Title 28 U.S.C. §1915(e)(2)(B)(ii).

Dated: December 17, 2007                     s/Raymond L. Erickson
                                             Raymond L. Erickson
                                             CHIEF U.S. MAGISTRATE JUDGE

## N O T I C E

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than January 9, 2008**, a writing which specifically identifies those portions of the Report

to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than January 9, 2008**, unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.